IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY ANN DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-526-MJR/PMF |
| | ) | |
| SIU CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT WITH PREJUDICE

NOW COMES the Plaintiff, Mary Ann Duncan, by and through her attorney, Richard J. Whitney, and for her Memorandum of Law in Opposition to Motion to Dismiss Count V of Plaintiff's Complaint with Prejudice, states:

1. Defendant's Motion to Dismiss Count V of Plaintiff's Complaint with Prejudice (Doc. 6), correctly notes that the tort of retaliatory discharge is a limited and narrow exception to the general rule that employment in Illinois, absent contractual or statutory protection, is "at will." (Def.'t's Mot. ¶¶ 2, 3.)  The Illinois Supreme Court summarized the scope of this exception as follows:

> an exception to this general rule of at-will employment arises where there has been a retaliatory discharge of the employee. This court has recognized a limited and narrow cause of action for the tort of retaliatory discharge. To state a valid retaliatory discharge cause of action, an employee must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy.
> *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 500, 911 N.E.2d 369 (2009) (internal citations omitted).

2. The Court then explicated the meaning of the phrase "clear mandate of public policy," quoting its earlier opinion in *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 130, 421

N.E.2d 876 (1981:

> "There is no precise definition of the term. In general, it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution *and statutes* and, when they are silent, in its judicial decisions. [Citation.] Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, a survey of cases in other States involving retaliatory discharges shows that a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed."

233 Ill. 2d at 500-501 (quoting *Palmateer*; emphasis added.)

3. Thus, statutes, ipso facto, are expressions of public policy. However, the Court further explained that generalized statements of fairness or justice arising from a statute would not suffice to support a claim of retaliatory discharge, and that the expression of public policy must be "specific." *Id.* at 502-503.

4. In its Motion, Defendant did not bother to elucidate the above standards for the Court but simply made conclusory statements that "Plaintiff has failed to plead the clearly mandated public policy necessary to state a prima facie case of retaliatory discharge," and "[t]he Personnel Record Review Act contains no clearly mandated public policy." (Def.'t's Mot. ¶¶ 5, 6.) Defendant seems to be implying that, unless an Illinois statute has some sort of express declaration of policy, i.e., using the word, "policy," then it is not a "clearly mandated public policy." Defendant fails to cite any authority for this proposition, most likely because there is no authority supporting such a facile notion.

5. A review of the Personnel Record Review Act, 820 ILCS 40/0.01, et seq., in its totality, reveals that it sets forth a comprehensive scheme intended to protect certain rights of employees in the State of Illinois. "The Personnel Record Review Act is designed to permit employees 'to review personnel records; to provide criteria for the review; to prescribe the

information which may be contained in personnel records; and to provide penalties." *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 42, 980 N.E.2d 733 (1st Dist.2012), *citing* 820 ILCS Ann. 40/0.01, Historical & Statutory Notes, at 226 (Smith–Hurd 2008).

6. These rights include those that – contrary to Defendant's assertion – were specifically identified in Count V of the Complaint, at ¶ 47. Specifically, § 40/6 of the Act, 820 ILCS 40/6, provides that employees have a right to "submit a written statement explaining the employee's position" in situations where an employee disputes information contained in her personnel record, and *requires* the employer to include the statement in her personnel record ("*shall* attach the employee's statement to the disputed portion of the personnel record"). Section 12(c) of the Act, 820 ILCS 40/12, gives employees a private right of action "to enforce the provisions of this Act." As statements of public policy, these statutory commands leave little to the imagination; they are clear and explicit, and therefore meet the requirement of specificity, as set forth in *Turner,* 233 Ill. 2d at 503.

7. Count V of the Complaint, at ¶49, alleges that that Defendant employer discharged Plaintiff employee in retaliation for an activity specifically protected by the Personnel Record Review Act, namely the right to submit a written statement explaining her position regarding another document with which she disagreed. If the allegations of the Complaint are presumed true, as they must be on a Rule 12(b)(6) Motion to Dismiss, *Christensen v. County of Boone*, 483 F.3d 454, 457 (7th Cir.2007), such a discharge violates a clear mandate of public policy. Accordingly, Defendant's Motion is wholly without merit, and should be denied.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Dismiss Count V of Plaintiff's Complaint With Prejudice be DENIED.

                                      RESPECTFULLY SUBMITTED,
                                      PLAINTIFF MARY ANN DUNCAN

Dated: August 26, 2013                         By: s/ Richard J. Whitney
                                      Richard J. Whitney
                                      Attorney for Plaintiff

Richard J. Whitney
Attorney at Law
ARDC# 06238355
1400 North Wood Rd.
Murphysboro, IL 62966
Telephone: (618) 549-5159
richwhitney@frontier.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

                    Shari R. Rhode
                   Cassie R. Korando
                Rhode & Jackson, PC
                1405 West Main St.
               Carbondale, IL 62901

                                      s/ Richard J. Whitney
                                      Richard J. Whitney